# LEGAL SERVICES OF GREATER MIAMI, INC.

Chesterfield Smith Center for Equal Justice
3000 Biscayne Boulevard, Suite 500 ● Miami, Fl 33137-4129
Direct Line: (305) 438-2401   ●   Fax: (305) 572-9557   ●   TDD: (305) 573-1578
Jledon@lsgmi.org   ●   www.lsgmi.org

LANCE A. HARKE
President

CARLOS J. CANINO
1ˢᵗ Vice President

YANICK J. LANDESS
2ⁿᵈ Vice President

JEFFREY B. CROCKETT
Treasurer

NANCY CIAMPA
Secretary

GARRETT J. BIONDO
Immediate Past President

MARCIA K. CYPEN
Executive Director

May 31, 2012

**SENT VIA CERTIFIED AND REGULAR U.S. MAIL**

9171 9690 0935 0012 0306 27

Mr. Carlos A. Zayas
20223 NW 52 Court
Miami Gardens, FL 33055

**RE: Milady Cordero**

Dear Mr. Zayas:

This office represents Milady Cordero. On February 21, 2007, Ms. Cordero purchased a manufactured home, vehicle ID number FLFLH32A09663ST (the "Mobile Home"), from you. At the time, you were acting as an agent of José and Yoandra Falcon for the referenced property. Ms. Cordero purchased the Mobile Home for $30,000. As part of the sale of the Mobile Home, Ms. Cordero agreed to pay off an outstanding lien to Green Tree Servicing, LLC ("Green Tree") in monthly installments until it was satisfied.

Specifically, you and Ms. Cordero reached an arrangement whereby she would give you $500 per month which you agreed to forward to Green Tree to pay off this lien. Starting March 2007, Ms. Cordero gave you $500 every month. However, you did not forward all of these payments to Green Tree. Ms. Cordero continued to give you $500 a month for at least twenty-one months, but stopped when she discovered that you had failed to forward all the payments to Green Tree. Upon information and belief, you only made the following payments to Green Tree:

1) $364.49 in March 2007;
2) $364.09 in May 2007;
3) $735.00 in June 2007;
4) $365.00 in July 2007;
5) $365.00 in August 2007;
6) $627.95 in October 2007;
7) $365.00 in November 2007;
8) $365.00 in December 2007;

LSC

**PASSIONATELY COMMITTED TO EQUAL JUSTICE**

Carlos A. Zayas
Page 2 of 3
May 31, 2012
_____/

      9) $415.01 in February 2008;
    10) $415.67 in March 2008;
    11) $415.67 in April 2008;
    12) $415.67 in May 2008;
    13) $415.67 in June 2008;
    14) $421.67 in July 2008;
    15) $416.67 in August 2008;
    16) $475.00 in September 2008;
    17) $206.65 in October 2008; and,
    18) $255.00 in November 2008.
              **TOTAL: $7,408.23**

This letter is a formal demand for those moneys which you have, without authorization, permanently deprived Ms. Cordero. This letter should be understood as satisfying the demand requirement for a conversion cause of action. *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 500-01 (Fla. 3d DCA 1994).

**Our client hereby demands $3,091.77 for which you received the benefit and denied Ms. Cordero. The amount is for the following:**

| | |
|---|---|
| Payments received by you: | $10,500.00 |
| Payments made to Green Tree: | - $ 7,408.23 |
| **TOTAL:** | $ 3,091.77 |

If you fail to comply with this demand, our client may seek relief in court for damages as a result of this conversion. Ms. Cordero neither waives nor abandons any right by sending you this demand letter prior to filing suit.

**Please confirm in writing to this office that you will comply with this letter or are disputing the amount owed within 30 days of receipt of this letter.** If you fail to confirm compliance in writing or dispute the debt owed by that time, our office will assume the amount is valid and that you unwilling to return the money you owe Ms. Cordero. If you dispute this amount we will obtain verification of the debt and a copy of such verification will be mailed to you.

Sincerely,

Jacqueline Ledon      Marco Farah
Attorney at Law       Legal Fellow

cc: Milady Cordero

Carlos A. Zayas
Page 3 of 3
May 31, 2012
_____/

**FEDERAL LAW REQUIRES US TO NOTIFY YOU THAT THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS IS NOT AN ATTEMPT TO COLLECT THE DEBT PERSONALLY.**